**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| SEOUL SEMICONDUCTOR COMPANY, LTD., <br><br>*Plaintiff*, <br><br>v. <br><br>NICHIA CORPORATION, <br><br>NICHIA AMERICA CORPORATION, <br><br>and <br><br>DAKTRONICS, Inc., <br><br>*Defendants*. | Case No. 9:07-cv-273 (RHC) <br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR THE COURT TO ISSUE A LETTER OF REQUEST
(LETTER ROGATORY) UNDER THE HAGUE CONVENTION**

In accordance with Federal Rule of Civil Procedure 28(b) and Article 1 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555 (hereafter "Hague Evidence Convention") (also available at http://www.hcch.net/index_en.php?act=conventions.text&cid=82) (last visited October 6, 2008), Defendants Nichia Corporation, Nichia America Corporation, and Daktronics, Inc. (collectively "Defendants") hereby move this Court to issue a Letter of Request, attached as Exhibit A to this motion, to the Ministry of Justice of France, requesting that body's assistance in obtaining: (1) the production of documents from Roland Lapoux; and (2) the oral deposition of Mr. Lapoux, both relating to the above-titled action.  Under just and appropriate circumstances, a judicial authority of any signatory state may request that the competent designated authority of another signatory state obtain evidence by means of such Letter of Request.  Due to the relationship and critical relevance of Mr. Lapoux and his documents to the subject matter of this litigation, the

issuance of a Letter of Request is appropriate in this case.

## FACTUAL BACKGROUND

On November 6, 2007, Seoul Semiconductor Company, Ltd. ("SSC") filed a complaint in this Court, the United States District Court for the Eastern District of Texas, alleging infringement of United States Patent No. 5,075,742 ("the '742 patent"). SSC's complaint was amended to include Daktronics, Inc. as a defendant on April 22, 2008.

SSC is a corporation organized under the laws of the Republic of Korea, with its headquarters at 148-29, Gasan-dong, Geumcheon-gu, Seoul, South Korea. SSC is currently the owner of the '742 patent, having purchased it from France Telecom in 2007. The '742 patent claims priority to French Patent Application No. 90 00229, which issued as French Patent No. 2656955 ("the French Patent").

Nichia Corporation is a corporation existing under the laws of Japan having its principle place of business in Tokushima, Japan. Nichia America Corporation is a corporation existing under the laws of Pennsylvania, and having sales offices in Torrance, California and Wixom, Michigan. Daktronics, Inc. is a corporation existing under the laws of South Dakota, having its principal place of business in Brookings, South Dakota.

Roland Lapoux is a patent agent at the firm of Bloch & Gevers and served as the prosecutor of the application for the French Patent. He was also involved with the prosecution of the '742 patent and its other foreign counterparts in the European Union and Japan. Therefore, Mr. Lapoux is certain to possess non-privileged knowledge and documents that are highly relevant to this case. As the primary author of almost all of the prosecution documents pertaining to both the '742 Patent and the French Patent, Mr. Lapoux is indispensable to Defendants' defense of inequitable conduct.

## ARGUMENT

Both the United States and France are signatories to the Hague Evidence Convention. *See* Hague Conference on Private International Law (http://www.hcch.net/index_en.php?act=conventions.status&cid=82) (last visited October 6, 2008); *see also* 28 U.S.C. § 1781; Judicial Assistance France (http://travel.state.gov/law/info/judicial/judicial_647.html) (last visited October 6, 2008). As such, Letters of Request from the United States to France may issue "on appropriate terms after an application and notice of it." Fed. R. Civ. P. 28(b)(2)(A). A request for a deposition of a third-party residing abroad falls within the scope of the Hague Evidence Convention. *See Abbott Labs. v. Teva Pharms. USA, Inc.*, 02cv1512, 2004 U.S. Dist. Lexis 13480, at *7 (D. Del. July 15, 2004); *In re Central Gulf Lines, Inc.*, 97cv3829, 2000 U.S. Dist. Lexis 7946, at *8-15 (E.D. La. May 31, 2000) (granting a motion requesting judicial assistance for non-party foreign witness depositions). Because Defendants will be severely prejudiced if they are not able to depose Mr. Lapoux, this motion for issuance of a Letter of Request should be granted.

The U.S. Supreme Court has established that in deciding whether to issue Letters of Request under the Hague Evidence Convention, a court should consider certain international comity factors. *Societe Nationale Industrielle Aeropospatiale et al. v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 543-44 (1987). Specifically, a court should consider factors such as: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. *Id.* at n.28. Upon consideration

of these factors, the Court should find Defendants' Letter of Request to be just and appropriate and grant Defendants' motion.

1.  **Roland Lapoux Has Highly Relevant Evidence that is Important to Defendants' Defenses**

The discovery sought from Roland Lapoux is highly relevant to this litigation. SSC has produced documents pertaining to the prosecutions of both the French Patent and the '742 patent. As the sole patent attorney involved with the French Patent and the driving force behind the prosecution of the '742 patent, Mr. Lapoux is certain to possess non-privileged documents that establish the research he conducted and the information he consulted during the prosecution of both patents. Likewise, his knowledge of his actions and communications during this timeframe will be critical to establishing Defendants' affirmative defenses in this case.

2.  **The Scope of Discovery Sought From Roland Lapoux Is Narrow and Permissible Under the Hague Convention**

Defendants' document requests relate to an already-filed and pending litigation, and are made with the expectation that these documents will be used at trial. As a review of the document requests will show, Defendants' requests are specific and clear and do not constitute a burdensome request for documents that may not even exist. Defendants' requests seek a narrow range of specific documents pertaining to the prosecution of the French Patent and the '742 patent. Given the limited scope of Defendants' requests and the fact that they seek highly relevant documents likely to be used at trial, the Court should find that these requests are permissible under the Hague Convention. *See, e.g.,* Laura W. Smalley, *How to Conduct International Discovery*, 71 Am. Jur. Trials 1, § 31 (2006) ("Reservations pursuant to Article 23 do not generally preclude including 'American-style' document requests in Letters of Request. They do, however, require that document requests be drafted as narrowly as possible").

### 3. The Hague Convention May Prove the Only Means by Which to Obtain This Discovery

Roland Lapoux is the only original source of complete information concerning the prosecution of the French Patent and the '742 patent. Since Mr. Lapoux is outside of the subpoena power of any court in the United States, the only way to obtain his assistance in this matter is through the Hague Evidence Convention. *See Societe Nationale Industrielle Aeropospatiale*, 482 U.S. at 536 (noting that U.S. courts may exercise broad discovery powers over foreign litigants only when those litigants are subject to their jurisdiction). Though Defendants have obtained a portion of the documentary discovery they seek in this Letter of Request through discovery from SSC, it is clear from SSC's produced documents that there are additional related and relevant documents that may be in the sole possession of Roland Lapoux. Accordingly, Defendants have no choice but to commence discovery through the Hague Evidence Convention in order to obtain critical evidence prior to the close of discovery in this case.

In *Abbott Labs,* which like the present action concerned claims of patent infringement, the defendants sought international judicial assistance to obtain deposition testimony from three non-party French citizens who resided in France. *Abbott Labs,* 2004 U.S. Dist. Lexis 13480 at *3-6. The court granted the request, holding that "[defendant's] desire to depose these three witnesses, who were intimately involved in the prosecution of the patents-in-suit is par for the course in any patent litigation." *Id*. at 8.

Here, as in *Abbott Labs.*, Defendants seek to take deposition testimony from someone "intimately involved in the prosecution" of the '742 patent as well as the French patent application to which it claims priority. That person, Roland Lapoux, is indispensable to Defendants' ability to prepare their defense. Given that SSC purchased both the '742 patent and the French Patent from France Telecom and did not play any role in their respective

prosecutions, Mr. Lapoux is the only person who is certain to have personal knowledge of both prosecutions. Indeed, the only individuals listed in SSC's Mandatory Disclosures as having knowledge of any relevant patent prosecution activities are Mr. Lapoux and his American counterpart, John C. Holman. Accordingly, there is no substitute for the deposition of Mr. Lapoux.

**4.    The Interests of France and the United States Would Be Best Served by Issuing Defendants' Letter of Request.**

As discussed above, SSC's production of the France Telecom documents in its possession has only scratched the surface of the existing information on the subjects which lie at the heart of Defendants' discovery requests. France's interests in protecting its citizens and corporations from abusive, intrusive, and unduly burdensome discovery are satisfied here because the document requests and deposition topics proposed by Defendants are limited in scope and seek documents and personal knowledge which have already been clearly identified and referenced during discovery. *See id.* at 545-46. In addition, the United States has an obvious interest in ensuring that defendants in patent infringement cases can gain access to critical documents and knowledge held exclusively by third parties. This interest would be harmed, and Defendants' ability to establish their defenses would be hampered, if the Court does not issue the present Letter of Request.

## CONCLUSION

For the reasons set forth above, Defendants request that: (1) the Court approve and sign the Letter of Request; (2) the Clerk of the Court authenticate the Court's signature under the seal of the Court; and (3) the Letter of Request be thereafter returned by the Clerk of the Court to counsel for Defendants. Counsel will promptly translate the Letter of Request into the French language and will transmit the Letter of Request to the French Ministry of Justice for execution.

October 10, 2008                                    Respectfully submitted,

                                                  By: /s/ Marc David Peters
Otis W. Carroll (TX #03895700)
Lead Attorney
Collin Maloney (TX #00794219)
IRELAND, CARROLL & KELLY, PC
6101 South Broadway Avenue
Suite 500
P.O. Box 7879
Tyler, Texas 75711
Tel: (903) 561-1600
Fax: (903) 581-1070
Email: otiscarroll@icklaw.com
Email: cmaloney@icklaw.com

James Pooley (CA # 58041)
Admitted
Marc David Peters (CA # 211725)
Admitted
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
Tel: (650) 813-5600
Fax: (650) 494-0792
Email: jpooley@mofo.com
Email: mdpeters@mofo.com

Alison M. Tucher (CA # 171363)
Admitted *pro hac vice*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax:  (415) 268-7522
Email: atucher@mofo.com

*Attorneys for Defendants
Nichia Corporation,Nichia America Corporation,
and Daktronics, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 10th day of October, 2008.

                                              /s/ Marc David Peters
                                                Marc David Peters

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil Local Rule 7(h) and 7(i), counsel for Defendants certify that (1) they have met and conferred with SSC's counsel concerning this motion and that the parties have been unable to resolve the dispute, and (2) that the motion is opposed. Pursuant to Civil Local Rule 7(h) and 7(i), Defendants certify that personal conferences were conducted or attempted as follows:

- On October 2, 2008, Matthew Ahn for Nichia spoke by telephone with David Radulescu for SSC.

- On October 8, 2008, Otis Carroll and Matthew Ahn for Nichia spoke by telephone with David Radulescu and Claude Welch for SSC.

- On October 10, 2008, Otis Carroll and Matthew Ahn for Nichia spoke by telephone with David Radulescu and Claude Welch for SSC.

Despite the parties' efforts, an agreement could not be reached because the parties fundamentally disagree on the importance of Roland Lapoux's testimony. The parties' discussions are thus at an impasse and have conclusively ended, thereby leaving an open issue for the Court to resolve.

October 10, 2008

    /s/ Otis Carroll (signed by permission MDP)
Otis W. Carroll (TX #03895700)
Lead Attorney
IRELAND, CARROLL & KELLY, PC
6101 South Broadway Avenue
Suite 500
P.O. Box 7879
Tyler, Texas 75711
Tel: (903) 561-1600
Fax: (903) 581-1070
Email: otiscarroll@icklaw.com

*Attorney for Defendants*