# EXHIBIT A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| SEOUL SEMICONDUCTOR COMPANY, LTD, <br><br> *Plaintiff*, <br><br> v. <br><br> NICHIA CORPORATION, <br><br> NICHIA AMERICA CORPORATION, <br><br> and <br><br> DAKTRONICS, Inc., <br><br> *Defendants*. | Case No. 9:07-cv-273 (RHC) <br><br> **JURY TRIAL DEMANDED** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE
HAGUE CONVENTION OF 18 MARCH 1970, ON THE
TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

**I. Party of interest and authority whose assistance is needed:**

    1.  SENDER                                       Marc D. Peters (CA # 211725)
                                                          MORRISON & FOERSTER LLP
                                                          755 Page Mill Rd.
                                                           Palo Alto, CA 94304
                                                           United States of America
                                                           Tel:  (650) 813-5600
                                                          Fax:  (650) 4940792
                                                          Email: mdpeters@mofo.com

                                                          *Attorney for Defendants Nichia Corporation,
                                                          Nichia America Corp., and Daktronics, Inc.*

    2.  CENTRAL AUTHORITY OF      Bureau de l'Entraide Judiciaire Internationale
          REQUESTED STATE                Direction des Affaires Civiles et du Sceau
                                                          Ministere de la Justice, 13, place Vendome,
                                                           75042
                                                          Paris Cedex 01, France

| | |
|---|---|
| 3. PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED | Marc D. Peters (CA # 211725)<br>MORRISON & FOERSTER LLP<br>755 Page Mill Rd.<br>Palo Alto, CA 94304<br>United States of America<br>Tel:  (650) 813-5600<br>Fax: (650) 494-0792<br>Email: mdpeters@mofo.com<br><br>*Attorney for Defendants Nichia Corporation, Nichia America Corp., and Daktronics, Inc.* |

**II. In conformity with Article III of the Hague Convention on the taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), the undersigned applicant has the honor to submit the following request:**

| | |
|---|---|
| 1. REQUESTING JUDICIAL AUTHORITY | Honorable Judge Ronald Clark<br>United States District Court for the Eastern District of Texas<br>300 Willow Street, Suite 221<br>Beaumont, Texas 77701<br>United States of America<br>Voice: (409) 654-2800<br>Fax:   (409) 654-6280 (Fax) |
| 2. COMPETENT AUTHORITY | Bureau de l'Entraide Judiciaire Internationale<br>Direction des Affaires Civiles et du Sceau<br>Ministere de la Justice, 13, place Vendome, 75042<br>Paris Cedex 01, France |
| 3. NAMES AND ADDRESSES OF PARTIES AND THEIR REPRESENTATIVES | Plaintiff:<br>Seoul Semiconductor Company, Ltd, a corporation organized under the laws of the Republic of Korea, with its headquarters at 148-29, Gasan-dong, Geumcheon-gu, Seoul, South Korea.<br><br>Represented by:<br><br>David C. Radulescu<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>United States of America<br>Tel:  (212) 310-8906<br>Fax: (212) 310-8007<br>Email:  david.radulescu@weil.com |

Benjamin Elacqua
State Bar No. 24055443
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
United States of America
Tel:  713-546-5000
Fax:  713-224-9511
Email:  benjamin.elacqua@weil.com

Jennifer Jonak
LUKENS LAW GROUP
One Maritime Plaza, Suite 1600
San Francisco, CA  94111
United States of America
Tel:  (415) 433-3000
Fax:  (415) 781-1034
Email:  jjonak@lukenslaw.com

Claude E. Welch
State Bar No. 21120500
115 West Shepherd Avenue
Lufkin, Texas 75902
United States of America
Tel:  936-639-3311
Fax:  936-639-3049
Email:  welchlawoffice@consolidated.net

Defendants:
Nichia Corporation, a corporation organized under the laws of Japan, with its headquarters at 491 Oka, Kaminaka-cho, Anan, Tokushima 774-8601, Japan.

Nichia American Corporation, a corporation organized under the laws of Pennsylvania, with its headquarters at 3775 Hempland Rd Mountville, PA, 17554-1541, United States of America.

Daktronics, Inc., a corporation organized under the laws of South Dakota, with its headquarters at 331 32nd Ave., Brookings, SD, 57006, United States of America.

Represented by:

Otis W. Carroll (TX #03895700)
Collin Maloney (TX #00794219)
IRELAND, CARROLL & KELLY, PC

        6101 South Broadway Avenue
Suite 500
P.O. Box 7879
Tyler, Texas 75711
United States of America
Tel: (903) 561-1600
Fax: (903) 581-1070
Email: otiscarroll@icklaw.com

James Pooley (CA # 58041)
Marc David Peters (CA # 211725)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
United States of America
Tel: (650) 813-5600
Fax: (650) 494-0792
Email: jpooley@mofo.com
Email: mdpeters@mofo.com

Alison M. Tucher (CA # 171363)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
United States of America
Tel:  (415) 268-7000
Fax:  (415) 268-7522
Email:  atucher@mofo.com

4.     NATURE AND PURPOSE OF PROCEEDINGS AND SUMMARY OF FACTS

Plaintiff Seoul Semiconductor Company, Ltd. ("SSC") is a Korean corporation having a place of business in Seoul, Korea.

Defendant Nichia Corporation is a corporation existing under the laws of Japan, having its principle place of business in Tokushima, Japan.  Defendant Nichia America Corporation is a corporation existing under the laws of Pennsylvania, United States of America, and having sales offices in Torrance, California and Wixom, Michigan.  Defendant Daktronics, Inc. is a corporation existing under the laws of South Dakota, having its principal place of business in Brookings, South Dakota, United States of America.

This legal dispute is an existing civil action that commenced on November 6, 2007. On that date, SSC filed a complaint in this Court, the United States District Court for the Eastern District of Texas, alleging infringement of United States Patent No. 5,075,742 ("the '742 patent"). The '742 patent claims priority to French Patent Application No. 90 00229, which issued as French Patent No. 2656955 ("the French patent"). SSC is now the owner of the '742 patent and its foreign counterparts, having purchased them from France Telecom in 2007. SSC's complaint was amended to include Daktronics, Inc. as a defendant on April 22, 2008.

Defendants respectfully request permission to take an oral deposition of Roland Lapoux. Mr. Lapoux is the attorney who prosecuted French Patent No. 2656955 and directed the prosecution of the '742 patent and other corresponding foreign patents. This deposition will be taken under oath, with direct questioning from Defendants' attorneys – as well as the possibility for cross examination by SSC's attorneys, and re-direct questioning by Defendants' attorneys, if necessary, as is common to depositions in the United States – concerning the subject matter of the '742 patent and the corresponding application for the French patent. Defendants also request that Mr. Lapoux produce relevant, non-privileged documents that are narrowly defined in the attached Schedule A.

5.  EVIDENCE TO BE OBTAINED

The evidence requested herein consists of the deposition testimony of Roland Lapoux, as well as non-privileged documents and things in his possession, custody, or control regarding the application for French Patent No. 2656955 and any of its foreign counterparts, including the '742 patent; these documents are described in further detail in the attached Schedule A.

The documents and testimonial evidence sought from Roland Lapoux will be covered by the Protective Order in this action and are likely to be used at trial. The requesting court has considered the international comity factors that the United States Supreme Court directed should

be evaluated prior to issuing Letters of Request under Article 1 of the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention").  *See Societe Nationale Industrielle Aeropospatiale et al. v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 543-44 (1987).  Upon consideration of these factors, this court has determined that this request is just and proper.

6. IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED

> Mr. Roland Lapoux
> BLOCH & GEVERS
> 23, bis rue de Turin
> 75008  -  PARIS
> Phone: 01 45 00 48 48
> Fax:    01 40 67 95 67

7. ENTITIES AND ADDRESSES FROM WHICH DOCUMENTS ARE SOUGHT

> BLOCH & GEVERS
> 23, bis rue de Turin
> 75008  -  PARIS
> Phone: 01 45 00 48 48
> Fax:    01 40 67 95 6

8. STATEMENT OF THE SUBJECT MATTERS ABOUT WHICH THE PERSON NAMED IN PARAGRAPH 6 IS TO BE EXAMINED

In order to defend themselves against SSC's charge of patent infringement, Defendants seek from Mr. Roland Lapoux information related to his knowledge of the prosecution of French Patent No. 2656955 and any of its foreign counterparts (including the '742 patent).

9. DOCUMENTS OR OTHER PROPERTY SOUGHT TO BE PRODUCED

The documents listed in Schedule A are herein requested to be produced for inspection and copying.

10. OATH OR AFFIRMATION

Defendants request that the person identified in Section 6 be examined under oath of truthfulness in the form used in France.

11.     SPECIAL METHODS OR PROCEDURE

Pursuant to Article III(i) and IX of the Hague Convention, the Court has been informed that Defendants request that the deposition examination be conducted by one of Defendants' attorneys listed in paragraph 3, with the possibility of cross-examination being conducted by one of SSC's attorneys listed in paragraph 3, along with the possibility of re-direct and re-cross examinations, if necessary. The Court also notes that Defendants request that a verbatim transcript of the examination be transcribed by a court reporter that will be provided by Defendants. The Court notes that the fact discovery deadline in the existing civil action is November 21, 2008 and requests that the deposition be held prior to that date. Finally, in order to ensure that counsel for Defendants can review the requested documents prior to the deposition, the Court requests that the documents requested herein be produced for inspection and copying at least two weeks prior to the scheduled deposition date. In the event that the evidence cannot be taken in the requested manner, the Court requests that it be taken in such manner as provided by local law for the formal taking of evidence, including a transcription or recording in full of the questions asked and answers provided.

12.     REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL

Defendants request that counsel for Nichia and SSC listed in paragraph 3, or local counsel based in France, be allowed to attend the examination and inspection.

13.     FEES AND COSTS

The fees and costs incurred which are reimbursable under Articles XIV(2) and XXVI of the Hague Convention will be borne by Defendants. Defendants will also assume responsibility for fees/costs associated with interpretation, translation, and reporting.

14. DATE OF REQUEST

_____, 2008

15. SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

_____
Seal:                                                         Honorable Judge Ronald Clark
United States District Judge
Eastern District of Texas

SCHEDULE A
DOCUMENTS REQUESTED FOR INSPECTION/COPYING FROM ROLAND LAPOUX

1.  The following patent prosecution files pertaining to French Patent No. 2656955, U.S. Patent No. 5,075,742, and any of their foreign counterparts: the original invention disclosure, any documents reflecting knowledge of the duty to disclose prior art to the French patent office or the United States Patent and Trademark Office, any documents reflecting the decision not to disclose prior art to the French patent office or the United States Patent and Trademark Office, and correspondence with the French patent office or the United States Patent and Trademark Office;

2.  Any documents that address whether the claims of French Patent No. 2656955 or U.S. Patent No. 5,075,742, are valid;

3.  Any documents that address whether the claims of French Patent No. 2656955 or U.S. Patent No. 5,075,742, are enforceable.